**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF OHIO EASTERN DIVISION**

S.E.,

Plaintiff,

V.

EQUIFAX INFORMATION SERVICES LLC,

Defendant.

Civil Action 2:26-cv-30

Judge Edmund A. Sargus, Jr.

Magistrate Judge Chelsey M. Vascura

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Plaintiff, S.E., proceeding *pro se*, respectfully moves this Honorable Court for an Order (1) transferring venue of this action from the United States District Court for the Northern District of Ohio to the United States District Court for the Southern District of Ohio, pursuant to 28 U.S.C. § 1404(a); and (2) issuing a Protective Order to seal Plaintiff's personal and identifying information, pursuant to Federal Rules of Civil Procedure 5.2 and 26(c). In support of this motion, Plaintiff states as follows:

**I. INTRODUCTION**

1. This action is brought by Plaintiff, a survivor of human trafficking, against Defendant for violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff seeks civil

remedies available to trafficking victims under federal law, including 18 U.S.C. § 1595.

2. This motion was initially filed in the Northern District of Ohio (Cleveland). However, due to Plaintiff's unique and precarious circumstances as a survivor of human trafficking, which include a lack of stable housing and significant safety concerns, Plaintiff has been forced to relocate to the Columbus area.

3. Plaintiff's current transient status makes litigating this matter in the Northern District of Ohio impracticable and a significant hardship. The interests of justice and the convenience of the parties and witnesses will be best served by transferring this case to the Southern District of Ohio.

4. Furthermore, due to the sensitive nature of this case and the very real danger posed to Plaintiff, a protective order is necessary to seal all personal identifying information, including her name, address, and details related to her trafficking victimization, to protect her from further harm, harassment, and re-victimization.

## II. FACTUAL BACKGROUND

1. Plaintiff is a survivor of severe human trafficking. The trauma and exploitation she has endured have left her without a formal or permanent place to live.

2. When this action was first initiated in the Northern District of Ohio, Plaintiff was residing in the Cleveland area. However, her living situation was unstable and dangerous. She was forced to move from place to place, staying with acquaintances, living in abandoned buildings, and sleeping in cars.

3. This transient lifestyle is a direct consequence of the exploitation and abuse she suffered as a trafficking victim. It has stripped her of financial stability, community support, and personal safety.

4. Recently, Plaintiff could no longer safely remain in the Cleveland area. For her personal safety and well-being, she was forced to leave and has since relocated to Columbus, Ohio.

5. Plaintiff continues to lack a permanent, formal address, but her life and efforts to secure stability are now centered in Columbus, which is within the jurisdiction of the Southern District of Ohio.

## III. ARGUMENT

### A. Transfer of Venue is Appropriate Under 28 U.S.C. § 1404(a).

1. Federal law provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

2. Courts consider several factors in determining whether a transfer is appropriate, including the convenience of the parties, the convenience of the witnesses, and the interest of justice. *See Williams v. B.R.C. of New York*, No. 23-CV-10996 (JGLC), 2025 U.S. Dist. LEXIS 11758 (S.D.N.Y. Jan. 22, 2025).

3. **Convenience of the Parties and Witnesses.** The primary purpose of § 1404(a) is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Stueben v. Meade*, No. 7:24-CV-135-D, 2024 U.S. Dist. LEXIS 164506 (E.D.N.C. Sep. 12, 2024). Plaintiff now resides in Columbus. Given her lack of financial resources and stable housing, requiring her to travel to Cleveland for court appearances, depositions, or other case-related matters would impose an extreme and unjustifiable hardship. Transferring this case to the Southern District of Ohio, where Plaintiff is located, is the most convenient and practical option.

4. **Interest of Justice.** The interest of justice strongly favors transfer. Plaintiff's ability to access the court and pursue her claims is paramount. Her situation is not one of mere inconvenience but of fundamental access to justice. As a *pro se* litigant and trafficking survivor, she must be able to meaningfully participate in her case. Forcing her to litigate in a distant forum where she no longer has any connections and cannot safely stay would create a significant barrier to her doing so. A person's temporary residence in a shelter or other transient housing does not negate their connection to a new location for venue purposes. *See Farrington v. Fordham Associates, LLC,* 129 A.D.3d 591 (N.Y. App. Div. 2015). Given that Plaintiff's life is now centered in Columbus, justice requires that the case proceed here.

## B. A Protective Order is Necessary to Ensure Plaintiff's Safety.

1. Federal Rule of Civil Procedure 26(c) grants the Court authority to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 5.2 also provides for the protection of personal and sensitive information in court filings.

2. As a survivor of human trafficking, Plaintiff faces a credible and ongoing threat of harassment, intimidation, and physical harm if her identity and location become public record. Public disclosure could alert her traffickers to her whereabouts, placing her in grave danger.

3. Courts consistently recognize the profound need to protect the identities of trafficking victims. In cases involving sensitive facts, courts weigh the public's interest in open proceedings against the privacy and safety rights of victims. In *Taylor v. Crisham,* No. 2:23-cv-00827-JHC, 2024 U.S. Dist. LEXIS 112836 (W.D. Wash. June 27, 2024), the court acknowledged that a crime victim's interest in anonymity can outweigh the public's interest in access to information.

4.  Similarly, protective orders are frequently used to define the parameters under which a victim's identity may be handled during litigation to prevent re-victimization. *See M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-cv-849, 2020 U.S. Dist. LEXIS 164219 (S.D. Ohio Sep. 10, 2020) (discussing the need to protect a trafficking victim plaintiff from serious risk of harm). The primary goal is to keep the plaintiff's identity confidential throughout the proceedings. *See Jane Doe v. MindGeek USA Incorporated*, No. 2:21-cv-01931-MCS-MRW, 2023 U.S. Dist. LEXIS 174668 (C.D. Cal. Sep. 15, 2023).

5.  To protect her safety and allow her to pursue this case without fear of retaliation, Plaintiff requests a protective order to seal all documents containing her personal identifying information, including her name, any current or former addresses, and any specific, identifying details of her trafficking experience.

## IV. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff S.E. respectfully prays that this Court enter an Order:

1.  Transferring the venue of this action from the U.S. District Court for the Northern District of Ohio to the U.S. District Court for the Southern District of Ohio;

2.  Granting a Protective Order sealing all of Plaintiff's personal identifying information from the public record;

3.  Awarding Plaintiff the costs associated with this motion; and

4.  Granting such other and further relief as the Court deems just and proper.

Dated: March 3, 2026

Respectfully submitted,

/s/ S.E. S.E. Plaintiff, *Pro Se*

S E