

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF OHIO**

**EASTERN DIVISION**

**S.E., Plaintiff,**


**v.**


**EQUIFAX INFORMATION SERVICES LLC, Defendant.**


**Civil Action 2:26-cv-30 Judge Edmund A. Sargus, Jr. Magistrate Judge Chelsey M. Vascura**


## PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


Introduction

Plaintiff S.E., proceeding pro se, respectfully submits these Objections to the Magistrate Judge's Report and Recommendation ("R&R") dated February 2, 2026. Plaintiff requests that this Honorable Court deny the Magistrate Judge's recommendation to dismiss her Complaint and allow this action to proceed on its merits. The R&R's conclusion that the Complaint fails to state a claim and is barred by res judicata misapplies the governing legal standards, particularly in the context of a pro se litigant's pleading.

Relevant Facts

As set forth in the R&R, Plaintiff is a survivor of human trafficking who alleges that Defendant Equifax Information Services LLC ("Equifax") has repeatedly victimized her by

failing to block fraudulent accounts on her credit report. This conduct, Plaintiff alleges, violates the Fair Credit Reporting Act ("FCRA"), specifically 15 U.S.C. § 1681c-2. Plaintiff seeks, among other relief, monetary damages under 18 U.S.C. § 1595, which permits trafficking victims to recover damages from those who knowingly benefit from trafficking-related harm.

Plaintiff previously filed a related action in the United States District Court for the Northern District of Ohio. That case was dismissed upon an initial screen pursuant to 28 U.S.C. § 1915(e)(2). The present action asserts similar FCRA violations but also includes a distinct claim for relief available to trafficking victims under federal law.

I. The Complaint Pleadably States a Claim

The R&R recommends dismissal for failure to state a claim, but it does so by holding Plaintiff's pro se complaint to an improperly high standard. To survive dismissal, a complaint need only "state a claim to relief that is plausible on its face." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Here, Plaintiff has alleged specific facts: (1) she is a survivor of human trafficking, (2) fraudulent accounts appeared on her credit report as a result of that trafficking, and (3) Equifax failed to block those accounts despite being notified. These factual allegations, taken as true, permit a reasonable inference that Equifax knowingly failed in its statutory duties and discriminated against a trafficking victim, thereby satisfying the plausibility standard.

Furthermore, complaints filed by pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Plaintiff's Complaint provides Equifax with sufficient notice of the claims against it, which is the core purpose of Federal Rule of Civil Procedure 8(a)(2). The Rule requires only a "short and plain statement of the claim showing that the

pleader is entitled to relief" to ensure the defendant receives adequate notice of the claims. Plaintiff's Complaint clearly meets this fundamental requirement.

## II. Res Judicata Does Not Bar the Action

The R&R's reliance on res judicata is misplaced. Claim preclusion requires, as its first element, a final judgment "on the merits." The prior dismissal in the Northern District of Ohio was a preliminary screening decision under 28 U.S.C. § 1915(e)(2). The dismissal order did not specify that it was "with prejudice." A dismissal that is not specifically designated "with prejudice" is considered to be "without prejudice" and is not a final adjudication on the merits. Therefore, the foundational requirement for claim preclusion is absent.

Moreover, the doctrine does not apply because there is no identity of the causes of action between the two suits. The four elements of claim preclusion are: "(1) a final decision on the merits..., (2) a subsequent action between the same parties..., (3) an issue in the subsequent action, which was litigated, or which should have been litigated in the prior action; and (4) an identity of the causes of action." While the parties are the same, the causes of action are not identical. The present complaint adds a trafficking-victim claim under 18 U.S.C. § 1595 that was not raised in the prior action. Claim preclusion bars a subsequent action only when a plaintiff could have brought the new legal theory in the prior action. Because the prior case was confined to FCRA claims, Plaintiff did not have a full and fair opportunity to litigate her distinct claim under the human trafficking statute. Accordingly, res judicata cannot bar this suit.

## III. The Complaint Is Not Frivolous Under § 1915(e)(2)(B)(i)

Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a case if it is "frivolous or malicious." A complaint is factually frivolous only if its allegations are "clearly baseless," a standard that encompasses claims that are "fanciful," "fantastic," and "delusional."

Plaintiff's Complaint is far from frivolous. The allegations are grounded in specific federal statutes—the FCRA and the Trafficking Victims Protection Act—and are based on concrete factual events, namely Equifax's repeated failure to block fraudulent accounts linked to Plaintiff's trafficking experience. These allegations are rational and wholly credible, not fanciful or delusional. The R&R does not find, nor could it, that the allegations are "clearly baseless." Therefore, dismissal under the frivolousness standard is unwarranted.

## IV. Request for Relief

For the foregoing reasons, Plaintiff S.E. respectfully requests that the Court:

1. Deny the Magistrate Judge's recommendation to dismiss the Complaint;

2. Deny the motion to dismiss and allow the Complaint to proceed;

3. In the alternative, grant Plaintiff leave to amend her Complaint to cure any perceived pleading deficiencies; and

4. Set a schedule for a hearing on these objections pursuant to 28 U.S.C. § 636(b)(1).

## Conclusion

Plaintiff's Complaint states a plausible claim for relief and is not barred by res judicata or the frivolousness standard. The Magistrate Judge's recommendation to dismiss should be rejected, and this case should be allowed to proceed on the merits.

Dated: February 19, 2026

Respectfully submitted,

/s/ S.E. S.E. Plaintiff, Pro Se

*S.E.*