FILED RICHARD W. HAGEL CLERK OF COURT JAN -9, 1994, 3:30 P U.S. DISTRICT

COURT SOUTHERN DISTRICT OF OHIO EASTERN DIVISION (COLUMBUS) PM 4: 09

U.S. DISTRICT COURT SOUTHERN DISTRICT OF OHIO

S.E., Plaintiff, v. 2:26 CV0030 — EAS-CM ✓

V.

EQUIFAX INFORMATION SERVICES LLC, Defendant.

JUDGE MORRISON MAGISTRATE JUDGE JOLSON

Case No.: _____

# PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff S.E. respectfully moves this Court pursuant to Federal Rule of Civil Procedure 65 for a preliminary injunction ordering Defendant Equifax Information Services LLC to immediately block all adverse items on Plaintiff's credit file that resulted from human trafficking and identity theft, pending final resolution of this action.

In support of this Motion, Plaintiff states as follows:

## I. INTRODUCTION

1. Plaintiff is a verified human trafficking survivor whose status has been documented by Mind2Work, an organization authorized under 12 C.F.R. § 1022.142 to make trafficking victim determinations.

2. Plaintiff submitted her Mind2Work documentation to all three major credit bureaus.

3. TransUnion accepted the documentation in January 2024 and has blocked adverse items for over two years.

4. Experian accepted the documentation on at least one occasion.

5. Equifax has rejected the identical documentation five times over twenty-five months.

6. As a direct result of Equifax's refusal to block these items, Plaintiff remains homeless with six grandchildren in her custody. She cannot obtain housing. She cannot obtain employment. Child Protective Services has been called on her multiple times.

7. Every day that passes without relief causes irreparable harm to Plaintiff and her grandchildren.

## II. SUPPORTING EVIDENCE

This motion is supported by the sworn Declaration of S.E., filed concurrently herewith, and the exhibits attached thereto, which include but are not limited to: (A) the trafficking victim determination from Mind2Work; (B) the acceptance letter from TransUnion; and (C) rejection letters from Equifax.

## III. LEGAL STANDARD

8. A preliminary injunction is warranted when the movant demonstrates: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent injunctive relief; (3) that the balance of equities favors the movant; and (4) that an injunction serves the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

## IV. ARGUMENT

### A. Plaintiff Is Likely to Succeed on the Merits

9. Under 12 C.F.R. § 1022.142, a consumer reporting agency must block adverse information when a trafficking victim submits compliant documentation from an authorized source.

10. Mind2Work is an authorized source under 12 C.F.R. § 1022.142.

11. Plaintiff submitted compliant Mind2Work documentation to Equifax five times. (See Declaration of S.E. at ¶ 5).

12. TransUnion accepted identical documentation. Experian accepted it at least once. Equifax rejected it every time. (See Declaration of S.E. at ¶¶ 6-7; see also Ex. B, TransUnion Acceptance).

13. In its February 25, 2024, rejection letter, Equifax quoted 12 C.F.R. § 1022.142 and listed acceptable documentation including "determinations by non-governmental entities or task forces authorized by a governmental agency to make such a determination, a self-attestation signed or certified by such governmental agency or non-governmental entity." (See Declaration of S.E. at ¶ 8; see also Ex. C, Equifax Rejection Letter).

14. Plaintiff's Mind2Work documentation includes exactly what Equifax listed as acceptable. (See Declaration of S.E. at ¶ 9; see also Ex. A, Mind2Work Determination).

15. Equifax demanded documentation Plaintiff had already provided.

16. On January 16, 2025, the Consumer Financial Protection Bureau issued a Consent Order against Equifax finding that Equifax ignored consumer documents submitted with disputes. The CFPB ordered Equifax to pay fifteen million dollars in civil penalties.

17. Equifax's violations against Plaintiff continued for eleven months after the Consent Order. (See Declaration of S.E. at ¶ 12).

18. Plaintiff is substantially likely to succeed on her claims that Equifax willfully violated 12 C.F.R. § 1022.142 and 15 U.S.C. § 1681c-2.

**B. Plaintiff Will Suffer Irreparable Harm Absent Injunctive Relief**

19. Plaintiff is homeless. She has lived in abandoned buildings with six grandchildren. She sometimes sleeps on the streets. (See Declaration of S.E. at ¶ 13).

20. Plaintiff cannot obtain housing because landlords conduct credit checks and deny applicants with derogatory credit histories. (See Declaration of S.E. at ¶ 14). This inability to secure basic life necessities, such as housing, constitutes irreparable harm for which monetary damages are an inadequate remedy.

21. Plaintiff cannot obtain employment because employers conduct credit checks and reject applicants with damaged credit.

22. Child Protective Services has been called on Plaintiff multiple times due to her living situation. (See Declaration of S.E. at ¶ 15).

23. Plaintiff's grandchildren, ages two through school age, are endangered by the homelessness caused by Equifax's refusal to block fraudulent accounts.

24. Money damages cannot compensate for the ongoing trauma to Plaintiff and her grandchildren. For a trafficking survivor, being forced to constantly fight to correct the financial remnants of her exploitation is a form of re-victimization, causing severe and ongoing emotional distress that is not fully compensable by a later award of damages. The harm is immediate, continuous, and irreparable.

25. Every day that Equifax continues to report fraudulent accounts, Plaintiff is denied housing and employment opportunities that cannot be recovered.

## C. The Balance of Equities Favors Plaintiff

26. If the Court grants the injunction, Equifax will be required to do what federal law already requires: block adverse items identified by a trafficking victim who submitted compliant documentation.

27. Equifax will suffer no cognizable harm from complying with federal law.

28. TransUnion has blocked these items for over two years without incident.

29. If the Court denies the injunction, Plaintiff and her six grandchildren will remain homeless, endangered, and without recourse.

30. The balance of equities overwhelmingly favors Plaintiff.

## D. An Injunction Serves the Public Interest

31. Congress enacted trafficking victim protections in the FCRA to ensure that survivors of human trafficking are not further victimized by fraudulent accounts opened by their traffickers. The public interest is strongly served by the enforcement of these federal consumer protection statutes. *See B. Williams v. Lobel Financial Corporation*, 2023 WL 3477145, at *5 (C.D. Cal. May 15, 2023) (noting the public interest in the "enforcement of the FCRA").

32. The CFPB penalized Equifax fifteen million dollars in January 2025 for ignoring consumer documentation.

33. Enforcing the trafficking victim protections serves the public interest in ensuring that credit bureaus comply with federal law designed to protect vulnerable populations.

34. Denying relief would signal that credit bureaus can ignore federal trafficking victim protections without consequence, even after federal enforcement action.

For the foregoing reasons, Plaintiff has demonstrated that all four factors weigh decisively in favor of granting a preliminary injunction. Plaintiff is certain to succeed on the merits, is suffering severe and irreparable harm daily, the balance of hardships tips entirely in her favor, and the public interest demands enforcement of the law. Immediate court intervention is therefore necessary and appropriate.

## V. REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a preliminary injunction ordering Defendant Equifax Information Services LLC to:

A. Immediately block all adverse items on Plaintiff's Equifax credit file that Plaintiff identified in her Mind2Work trafficking victim documentation and FTC Identity Theft Reports, including but not limited to:

- Mercedes-Benz Financial Services, account ending 8001

- Wells Fargo Auto, account ending 2543

- Wells Fargo Auto, account ending 0487

- BMO Harris Bank, account ending 5516

- Harley Davidson Financial Services, account ending 1823

- Lendmark Financial Services, account ending 5901

- Kemba Financial Credit Union, account ending 0101

- Bridge Credit Union, account ending 5000

- Bridge Credit Union, account ending 0000

- U.S. Bank, account ending 3413

- Wright-Patt Credit Union, account ending 0501

B. Maintain the block on all identified accounts pending final resolution of this action. C.
Provide Plaintiff with an updated credit report within seven days of the Court's order
showing that all identified accounts have been blocked. D. Grant such other relief as the
Court deems just and proper.

Respectfully submitted,

S.E. Pro Se Plaintiff

Dated: March 4, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2026, I filed the foregoing Motion for Preliminary
Injunction with the Clerk of the United States District Court for the Southern District of Ohio,
Eastern Division, and request that the Court effect service upon Defendant pursuant to
Federal Rule of Civil Procedure 4.

Defendant to be served: Equifax Information Services LLC c/o CT Corporation System,
Registered Agent 4400 Easton Commons Way, Suite 125 Columbus, Ohio 43219

SE

S.E. S.E.

S.E. S.E.