UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

S.E.,

      Plaintiff,

    v.                             Civil Action 2:26-cv-30
                                       Judge Edmund A. Sargus, Jr.
EQUIFAX INFORMATION           Magistrate Judge Chelsey M. Vascura
SERVICES, LLC,

      Defendant.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, S.E., an Ohio resident proceeding without the assistance of counsel, sues Defendant, Equifax Information Services, LLC, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). On February 2, 2026, the undersigned issued an Order and Report and Recommendation that recommended dismissal of Plaintiff's Complaint on res judicata grounds. (ECF No. 6.) On March 6, 2026, Plaintiff filed a Motion for Leave to File Amended Complaint (ECF No. 11). As Plaintiff is permitted to amend her Complaint once as a matter of course without leave of Court or the defendant's consent under Federal Rule of Civil Procedure 15(a)(1), Plaintiff's Motion is **GRANTED**. Because the Amended Complaint supersedes and replaces Plaintiff's original Complaint, the portion of the February 2, 2026 Order and Report and Recommendation (ECF No. 6) that recommended dismissal of Plaintiff's Complaint is **VACATED**.

This matter is also before the Court for the initial screen of Plaintiff's Amended Complaint (ECF No. 11-1) under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to

recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, Plaintiff **MAY PROCEED** on Count II of her Amended Complaint for failure to conduct a reasonable reinvestigation under 15 U.S.C. § 1681i(a)(1)(A). However, it is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED** for failure to state a claim on which relief may be granted.

## I.    BACKGROUND

On September 10, 2025, Plaintiff filed an action against Defendant, Equifax Information Services, LLC, in the United States District Court for the Northern District of Ohio. *See Eldridge v. Equifax Info. Servs., LLC*, N.D. Ohio Case No. 1:25-cv-1908 ("N.D. Ohio Case").In that action, Plaintiff alleged that

> she is a survivor of human trafficking and the Defendant "refus[ed] to consistently honor her federally-protected trafficking victim status, causing severe emotional distress and financial harm." (Doc. No. 1 at PageID #: 2). She contends the Defendant rejected her "valid trafficking documentation" and "failed to block fraudulent accounts within required time frames." (Doc. No. 1 at PageID #: 2). She asserts that the Defendant has "committed dozens of separate willful violations of 15 U.S.C. § 1681c-2 over two years." (Doc. No. 1 at PageID #: 3). She seeks monetary damages under 18 U.S.C. § 1595 stating that the statute permits victims of human trafficking to recover damages from those who knowingly benefitted from trafficking related harm.

(N.D. Ohio Case, December 10, 2025 Order, ECF No. 3.) Plaintiff obtained leave to proceed *in forma pauperis*, and so the Court in the N.D. Ohio Case screened Plaintiff's complaint under 28 U.S.C. § 1915(e)(2). The N.D. Ohio Case was dismissed on initial screen under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief could be granted on December 10, 2025. (*Id.*)

Plaintiff subsequently commenced the present action in the United States District Court for the Southern District of Ohio on January 9, 2026. (ECF No. 1.) Her Complaint in this case contains similar allegations to those in the N.D. Ohio Case. She again alleges that she is a survivor of human trafficking and that Defendant failed to block fraudulent accounts on her credit report in violation of 15 U.S.C. § 1681c-2, among other violations of the FCRA. (Compl., ECF No. 5.) On February 2, 2026, the undersigned issued an Order and Report and Recommendation that recommended dismissal of Plaintiff's Complaint on res judicata grounds. (ECF No. 6.) In response, Plaintiff sought leave to amend her Complaint to include new allegations that "[o]n or about February 7, 2026, Equifax sent Plaintiff a letter stating it had 'completed' its 'investigation' and had 'verified' that the fraudulent information was accurate. This was patently false" and "[o]n February 14, 2026, Plaintiff was denied a credit card from Discover Financial Services. The denial was based, in whole or in part, on inaccurate information contained in the consumer report furnished by Equifax." (Am. Compl. ¶¶ 21, 23, ECF No. 11-1).

## II.    STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

3

\* \* \*

(B) the action or appeal—

(i) is frivolous or malicious; [or]

(ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The

4

plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.    ANALYSIS

The doctrine of *res judicata* or claim preclusion operates to bar the majority of Plaintiff's claims in this action. Under this doctrine, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1979). "The purpose of *res judicata* is to promote the finality of judgments, and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).The United States Court of Appeals for the Sixth Circuit has explained that *res judicata* requires proof of the following four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).

In this case, the four elements are satisfied. The Northern District of Ohio's dismissal of Plaintiff's prior complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief could be granted operates as an adjudication on the merits for *res judicata* purposes. *See Taylor v. Reynolds*, 22 F. App'x 537, 539 (6th Cir. 2001) ("The dismissal of [the plaintiff's]

5

claims under § 1915(e)(2)(B) creates a *res judicata* bar . . . .”); *Murray v. Reed*, 69 F. App’x 246, 247 (6th Cir. 2003) (citing *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 206 (2d Cir. 2002) (giving *res judicata* effect to a prior suit that had been dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted and dismissing a subsequent case asserting the same claims)). In addition, this action involves the same parties as in the prior action, and although Plaintiff raises somewhat different legal theories in the two actions, the alleged injuries and facts underlying those theories are (largely) identical such that the new legal theories should have been raised in the prior action. *See Holder v. City of Cleveland*, 287 F. App’x 468, 471 (6th Cir. 2008) (quoting *Cemer v. Marathon Oil Co.,* 583 F.2d 830, 832 (6th Cir. 1978) (per curiam) (“Where two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit.”); *Nathan v. Rowan*, 651 F.2d 1223, 1228 n.8 (6th Cir. 1981) (“[T]he doctrine of res judicata necessarily applies to all matters, including new or different legal theories against the same parties . . . .”). Finally, the causes of action are identical because both actions arise from the same core of operative facts and claims—namely, Defendant’s failure to block certain fraudulent accounts from Plaintiff’s credit report in violation of the FCRA. For these reasons, the undersigned concludes that the doctrine of *res judicata* operates to bar the majority of Plaintiff’s claims in this action.

The narrow exceptions to the application of *res judicata* to Plaintiff’s Amended Complaint involve incidents that post-date the Northern District of Ohio’s December 10, 2025 judgment. That is, Plaintiff could not have amended her Complaint in the N.D. Ohio case to include allegations related to Equifax’s inadequate reinvestigation, which concluded on February 7, 2026, because Plaintiff did not receive notice of the inadequate reinvestigation until after

6

judgment had already been entered in the N.D. Ohio case. *Res judicata* therefore does not bar Plaintiff's claim for an inadequate reinvestigation under 15 U.S.C. § 1681i(a)(1).

### IV.    DISPOSITION

The portion of the February 2, 2026 Order and Report and Recommendation (ECF No. 6) that recommended dismissal of Plaintiff's original Complaint is **VACATED**. For clarity, the portion of that Order and Report and Recommendation that granted Plaintiff leave to proceed *in forma pauperis* remains in effect.

For the reasons above, Plaintiff **MAY PROCEED** on Count II of her Amended Complaint for failure to conduct a reasonable reinvestigation under 15 U.S.C. § 1681i(a)(1)(A). However, it is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED** for failure to state a claim on which relief may be granted.

If Plaintiff wishes to have the United States Marshal effect service of the summons and Amended Complaint on Defendant, Plaintiff is **ORDERED** to submit a completed summons forms (Form AO-440) and service of process by U.S. Marshal form (Form USM-285) and a service copy of the Amended Complaint (ECF No. 11-1) to the Clerk of Court. If Plaintiff does so, the Clerk is **DIRECTED** to issue the summons and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendant the issued summons, a copy of the Amended Complaint, and a copy of this Order and Report and Recommendation.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo*

7

determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


**IT IS SO ORDERED**.


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

8